UNITED STATES DISTRICT COURT
CENTRAL DISTIRCT OF ILLINOIS
SPRINFGIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees; and<br><br>CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees; and<br><br>CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees,<br><br>    Plaintiffs,<br><br>v.<br><br>HOELSCHER INTERIORS, INC.,<br><br>    Defendant. | Cause No. 19-3074 |

## COMPLAINT

COME NOW Plaintiffs, Central Illinois Carpenters Health and Welfare Fund, By and Through Its Board of Trustees; Carpenters Pension Fund of Illinois, By and Through Its Board of Trustees; Carpenters Retirement Savings Fund of Illinois, By and Through Its Board of Trustees, by undersigned Counsel, and state as follows for their Complaint against Defendant, Hoelscher Interiors, Inc.:

### Parties

1. Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an employee welfare benefit plan and an employee benefit plan, or plan within the

meaning of Sections 3(1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3).

2. Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Welfare Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3. The address and place of administration of Welfare Fund is 200 South Madigan Drive, Lincoln, Illinois 62656.

4. Welfare Fund is the designated collection agent for contributions to certain unions, dues, dues check-off and other collectively-bargained funds within the territorial jurisdiction of the Chicago Regional Council of Carpenters, Southern Region (formerly, "Mid-Central Illinois Regional Council of Carpenters") ("Regional Council").

5. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an "employee pension benefit plan," a pension plan and a plan within the meaning of section 3(2)(A) and 3 of ERISA, 29 U.S.C. § 1002(2)(A), (3). Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35).

6. Pension Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Pension Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

7. The address and place of administration of Pension Fund is 28 North First Street, Suite 1, Geneva, Illinois 60134.

8. Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is an "employee pension benefit plan," a pension plan and a plan within the meaning of section 3(2)(A) and 3 of ERISA, 29 U.S.C. § 1002(2)(A), (3). Retirement Savings Fund is a "defined contribution plan" within the meaning of § 3(34) of ERISA, 29 U.S.C. § 1002(34).

9. Retirement Savings Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Retirement Savings Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

10. The address and place of administration of Retirement Savings Fund is 28 North First Street, Suite 1, Geneva, Illinois 60134.

11. Together, Welfare Fund, Pension Fund and Retirement Savings Fund shall be referred to as the "Plaintiff Funds."

12. Defendant Hoelscher Interiors, Inc. ("Defendant," or "Hoelscher Interiors") is an Illinois general business corporation.

13. At all relevant times Hoelscher Interiors has maintained its principal place of business at 398 Clement Dr., Aviston, Illinois 62216.

14. Hoelscher Interiors is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11) and (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12), and within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6), (7).

**Jurisdiction and Venue**

15. This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a), (c).

16. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

17. Venue is proper in this Court pursuant to ERISA Section 502(e), 29 U.S.C. § 1132(e) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

**COUNT I**

**(TO COMPEL AN AUDIT AND FOR RECOVERY OF LIABILITY)**

**(ALL PLAINTIFFS**

COME NOW Plaintiff Funds, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant, Hoelscher Interiors, Inc.:

18. Plaintiff Funds restate and reincorporate paragraphs 1 through 17 of their Complaint as if fully set forth herein.

19. Hoelscher Interiors is party to one (1) or more Collective Bargaining Agreement(s) ("Agreement(s)") applicable within the territorial jurisdiction of Regional Council.

20. Hoelscher Interiors employs and/or has employed individuals pursuant to said Agreement(s) to perform on-site construction work within the territorial jurisdiction of the Regional Council falling within the craft jurisdiction of the United Brotherhood of Carpenters and Joiners of America ("UBCJA").

21. As a consequence of employing these individuals, Hoelscher Interiors is and/or was required to pay annuity, pension and/or health and welfare contributions, as well as dues, dues

check-off and other contractually-required contributions, at the hourly rates and in the amounts negotiated by Regional Council in the applicable Regional Council collective bargaining agreement(s).

22. When Hoelscher Interiors employs individuals from outside the territorial jurisdiction of Plaintiff Funds and the Regional Council to perform covered work within the territorial jurisdiction of Plaintiff Funds and the Regional Council, Hoelscher Interiors may choose to pay annuity, pension and/or health and welfare contributions to such employees' "home-area" funds.

23. When Hoelscher Interiors chooses to pay contributions said employees' "home-area" funds, Hoelscher Interiors is contractually required to provide sufficient proof to Plaintiff Funds that it has paid appropriate annuity, pension and/or health and welfare contributions to the "home area" funds.

24. When Hoelscher Interiors employs said employees, it is required to pay dues check-off and all other contributions provided for in the applicable Regional Council Agreement(s) to the Regional Council at the rates set forth in said Agreement(s).

25. In the event Hoelscher Interiors does not timely report and pay contributions, it is liable for Liquidated Damages and interest.

26. During 2018, Plaintiff Funds sought to audit Hoelscher Interiors in order to determine the company's compliance with its fringe benefit, dues and other contribution reporting and payment obligations.

27. Hoelscher Interiors unreasonably failed and refused to comply with the audit.

28. Audits are within the scope of "equitable relief" available in an action pursuant to ERISA within the meaning of ERISA § 502(a)(3) and (g)(2)(E), 29 U.S.C. § 1132(a)(3), (g)(2)(E).

29. Inasmuch as Hoelscher Interiors has failed and refused to cooperate with an audit, Plaintiff Funds have no adequate remedy at law, and are suffering and will continue to suffer immediate and irreconcilable injury and damage, unless Hoelscher Interiors is ordered to submit to an audit.

30. Plaintiff Funds are entitled to an Order that Hoelscher Interiors submit to an audit.

31. Plaintiff Funds are entitled to an award of the contributions determined to be due by audit.

32. Plaintiff Funds are entitled to Liquidated Damages.

33. Plaintiff Funds are entitled to pre- and post-judgment interest.

34. Plaintiff Funds are entitled to costs of the audit.

35. Plaintiff Funds are entitled to their attorneys' fees and costs.

36. As a result of the acts and omissions complained of herein, Plaintiff Funds have been harmed.

WHEREFORE, Central Illinois Carpenters Health and Welfare Fund, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois respectfully pray that the Court:

   a. Enter Judgment for Plaintiff Funds and against Defendant Hoelscher Interiors, Inc.;

   b. Enter Orders for temporary, preliminary and permanent injunctive relief that Hoelscher Interiors submit to an audit, at Hoelscher Interiors' cost;

   c. Enter an Order awarding Plaintiff Funds any and all contributions determined to be due by audit;

   d. Enter an Order awarding Plaintiff Funds Liquidated Damages;

e.  Enter an Order awarding Plaintiff Funds appropriate pre-judgment interest;

f.  Enter an Order awarding Plaintiff Funds the costs of the audit;

g.  Enter an Order awarding Plaintiff Funds their attorneys' fees and costs;

h.  Enter an Order awarding Plaintiff Funds appropriate post-judgment interest;

i.  Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 – Telephone
(618) 692-5254 – Facsimile
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs